959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alvin DAVIS, Plaintiff-Appellant,
v.
Glenn HAEBERLIN, et al., Defendants-Appellees.
 No. 91-6261.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Alvin Davis, a pro se Kentucky prisoner, appeals the district court's order granting the defendants' motion for summary judgment in his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, injunctive and monetary relief, Davis sued the warden and five correction officers at the Kentucky State Penitentiary in their individual and official capacities. Davis's civil rights action stems from a prison incident in which he was assaulted by another inmate and received 7 to 9 stab wounds. Davis alleged that the defendants violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment because: (1) they failed to take adequate action to protect him and prevent him from sustaining serious injuries during the assault, and (2) they allowed a dangerous situation to continue by not properly staffing the prison dining hall during mealtimes.
 
 
 4
 Davis filed a motion for summary judgment and submitted affidavits from prisoners regarding the assault and conditions in the prison dining hall. The defendants responded and filed a counter-motion for summary judgment and also provided the court with affidavits from the correction officers involved in the incident and the prison warden.
 
 
 5
 A magistrate judge recommended granting summary judgment in favor of the defendants. After de novo review in light of Davis's objections, the district court judge adopted the report and recommendation of the magistrate judge and dismissed the action.
 
 
 6
 On appeal, Davis continues to argue the merits of his claim. He requests leave to proceed as a pauper, a transcript at government expense and the appointment of counsel. He also requests an injunction. The appellees have notified the court that they will not be filing a brief.
 
 
 7
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Plaintiff has not shown that the defendants were deliberately indifferent to his risk of injury. See Roland v. Johnson, 856 F.2d 764, 769 (6th Cir.1988); see also Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir.1990); McGee v. Foltz, 852 F.2d 876, 880-81 (6th Cir.1988). Under circumstances of heightened tensions, such as prison disturbance cases, the wantonness necessary to state an Eighth Amendment claim consists of acting maliciously and sadistically for the very purpose of causing harm. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991).
 
 
 8
 Affidavits submitted by Davis indicate that he had no idea why he was attacked by Gwinn. There has been no showing that a dangerous condition existed in the prison dining hall that would have warranted additional security measures or an armed guard (normally only present during an institutional disturbance). Officer Fritts was the first correction officer on the scene and he immediately radioed for help. When he attempted to stop the fight, Gwinn motioned at him with knife in his hand. Four other corrections officers appeared on the scene and Gwinn was told to put down the knife. When the correction officers formed a circle around Davis and Gwinn, it is undisputed that Gwinn made slashing motions at the officers with the knife. When Gwinn's back was turned, Officer Ramey grabbed him from behind and subdued him while the other officers took the knife from him. Davis was immediately rushed to the hospital, treated and released after one day's observation. Although Davis sustained serious stab wounds, based on these facts, it cannot be said that the officers stood by idly and did nothing to protect him. The evidence falls short of establishing deliberate indifference or any wantonness on the part of the defendants.
 
 
 9
 Accordingly, Davis's request to proceed as a pauper is granted but his motion for an injunction and requests for counsel and a transcript at government expense are denied. The judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation